# EXHIBIT A

K. GREEN
COURT OPS
P.1 A132921
DATE: 5/14   TIME: 11:20 pm

05/20/2025

Ron J. Kramer (7568)
Jenny R. Hoppie (18960)
**KRAMER LAW GROUP**
8132 South Redwood Road
West Jordan, Utah 84088
Tel.: (801) 601-1229
Fax: (801) 996-8756
ron@ronkramerlaw.com
jenny@ronkramerlaw.com
*Attorneys for Plaintiff*

If you do not respond to this document
within applicable time limits, judgment
could be entered against you as requested

## IN THE FIFTH JUDICIAL DISTRICT COURT
## IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| BRIAN HARDY, | **SUMMONS** |
| Plaintiff, | |
| v. | |
| | Case No.:250500240 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1-10, | |
| | Judge Ryan E. Christiansen |
| Defendants. | |

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file an Answer in writing to the attached Complaint with the Clerk of Court, at the FIFTH DISTRICT COURT in WASHINGTON COUNTY, 206 West Tabernacle Street, St. George, Utah 84770 **and** to serve upon, or mail to Plaintiff's attorney at the above address, a copy of said answer within 21 days after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint which has been filed with the clerk of said Court and a copy of which is hereto annexed and herewith served upon you.

**DATED** this 13ᵗʰ day of May 2025

KRAMER LAW GROUP

/s/ Jenny R. Hoppie

JENNY R. HOPPIE
*Attorney for Plaintiff*

SERVE DEFENDANT AT:
State Farm Mutual Automobile Insurance Company
c/o CT Corporation System
1108 E South Union Avenue
Midvale, Utah 84047-2904
801-984-8160
855-316-8944

05/20/2025

05/20/2025

Ron J. Kramer (7568)
Jenny R. Hoppie (18960)
**KRAMER LAW GROUP**
8132 South Redwood Road
West Jordan, Utah 84088
Tel.: (801) 601-1229
Fax: (801) 996-8756
ron@ronkramerlaw.com
jenny@ronkramerlaw.com
*Attorneys for Plaintiff*

## IN THE FIFTH JUDICIAL DISTRICT COURT
## IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| BRIAN HARDY, | **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 – 10, | **TIER III** |
| | Case No.: _____ |
| | Judge: _____ |
| Defendants. | |

Plaintiff, BRIAN HARDY ("Plaintiff"), by and through counsel below, and complains against

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant")

as follows:

### JURISDICTION AND VENUE

1. ~~This action is of a civil nature and jurisdiction is conferred pursuant to Utah Code~~

Ann. § 78-3-4.

2. Venue in Washington County is proper pursuant to Utah Code Ann. § 78-13-7, in that

Defendant maintains offices in Washington County and its conduct, actions, omissions, policies,

procedures and customs complained of occurred in Washington County, State of Utah.

### PARTIES

3. Plaintiff at all times pertinent was a resident of St. George, State of Utah. Plaintiff

was insured by Defendant via an automobile insurance policy issued by Defendant and in full force and effect during all times mentioned herein.

4.      Defendant is a corporation authorized to and issuing insurance policies and transacting business in the State of Utah.

5.      Does I-X are presently unidentified individuals and/or entities that through their acts or omissions may have been negligent in causing or contributing to the accident described hereinafter. Plaintiff reserves the right to name these individuals or entities as defendants in this action if said parties exist and when their identities are discovered.

### GENERAL ALLEGATIONS

6.      Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

7.      On or about August 24, 2019 ("date of loss"), plaintiff was involved in an automobile accident in Washington County, State of Utah ("subject collision").

8.      On the date of loss, Plaintiff was covered by an auto insurance policy (policy number 0208416B1944H) issued by Defendant which included underinsured motorist coverage of up to $100,000.00.

9.      As a result of the subject collision, Plaintiff sustained injuries and damages, including past medical bills exceeding $60,000.00; the need for future medical care anticipated to cost at least $42,650.00 over the next few years; past and future wage loss in an amount to be determined; past and future mileage and other out-of-pocket costs in an amount to be determined; and general/noneconomic damages in an amount to be determined, for which he made a claim against the negligent driver ("third-party driver").

10.     The third-party driver's auto insurer, Farmers Insurance, paid its full liability limit of $50,000.00 to Plaintiff in partial compensation for his damages sustained herein ("liability settlement").

11.     Because the liability settlement was insufficient to fully compensate Plaintiff for his

2

05/20/2025

injuries and damages sustained in the subject collision, Plaintiff submitted a claim to Defendant on October 31, 2023, seeking payment to Plaintiff of his $100,000.00 underinsured motorist ("UIM") benefit with Defendant.

12. Defendant responded on November 16, 2023, and requested Plaintiff's past 5-year medical history, which records were provided by Plaintiff to Defendant on January 9, 2024.

13. Over the next eighteen (18) weeks (four months), Plaintiff made thirteen (13) separate attempts to follow up with Defendant about Plaintiff's claim for UIM benefits; it wasn't until May 14, 2023, that Defendant finally responded, at which point it offered the sum of $16,301.27 but refused to tender its full policy limit.

14. Defendant indicated it was unwilling to consider the recommendation of Plaintiff's treating spine specialist about Plaintiff's need for future/ongoing medical care but has offered no basis for this position, including any contrary opinions of a competent medical expert.

15. Defendant has failed to fairly and properly evaluate Plaintiff's claim for underinsured motorist benefits.

16. Defendant has failed to pay Plaintiff any underinsured motorist benefits as a result of the subject collision.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

17. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

18. Defendant has contractual and legal obligations to pay Plaintiff, as an insured under the policy, amounts owed to him under the policy, including Underinsured coverage.

19. Defendant was and is obligated to diligently investigate the facts and fairly evaluate Plaintiff's claim.

3

05/20/2025

20.    Defendant owed and owes Plaintiff the obligation to act in good faith and to deal fairly with Plaintiff, and Defendant was and is required not to do any act that could deny Plaintiff the benefit of the policy or to place its own economic interest above those of Plaintiff.

21.    Defendant has breached its obligations to Plaintiff under the policy by, among other things:

    a.    Acting in bad faith and in not dealing fairly with Plaintiff;

    b.    Placing its own economic interests over those of Plaintiff;

    c.    Making an unreasonably low settlement offer that was substantially below the reasonable value of the claim in light of Plaintiff's known past injuries and losses;

    d.    Making an unreasonably low settlement offer that was substantially below the reasonable value of the claim in light of Plaintiff's reasonably anticipated future/ongoing losses;

    e.    Failing to properly and fully investigate and evaluate Plaintiff's claim;

    f.    Refusing to tender its UIM policy limits;

    g.    Refusing to provide any justifiable basis for its unreasonably low offer; and

    h.    Forcing Plaintiff to file suit to force Defendant to honor its policy obligations, and to incur substantial costs and fees as a result.

22.    Due to these breaches, and others which may become known to Plaintiff through discovery, Plaintiff has suffered and will continue to suffer general and consequential damages in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

23.    Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

24.    By entering into an auto insurance contract and accepting premiums from Plaintiff, Defendant agreed to act in good faith and to deal fairly with the insureds under the policy.

4

05/20/2025

25. In the absence of a reasonable basis for doing so, and with full knowledge of, or reckless disregard for, the foreseeable consequences of its acts and omissions, Defendant failed and refused to act in good faith and to deal fairly with Plaintiff by, among other things:

    a. Placing its own economic interest over those of Plaintiff;

    b. Making an unreasonably low settlement offer that was substantially below the reasonable value of the claim given Plaintiff's known past injuries and loss;

    c. Making an unreasonably low settlement offer that was substantially below the reasonable value of the claim given Plaintiff's reasonably anticipated future/ongoing losses;

    d. Failing to properly and diligently investigate and fairly evaluate Plaintiff's claim;

    e. Refusing to promptly and reasonable tender its uninsured policy limits, or the reasonable value of Plaintiff's claim;

    f. Refusing to provide any clear justifiable basis for its unreasonably low offer; and

    g. Forcing Plaintiff to file suit to force Defendant to honor its obligations, and to incur substantial costs and fees as a result.

26. Defendant knew or should have known that its wrongful acts and omissions were in violation of its obligations under the policy and the law.

27. Defendant's acts and omissions were willful and malicious, or manifested a knowing and reckless indifference toward, and a disregard of, Plaintiff's rights, and Defendant should be required to pay punitive damages in an amount to be determined by a jury.

28. Due to these breaches, and others which may become known to Plaintiff through discovery, Plaintiff has suffered and will continue to suffer general and consequential damages in amounts to be proven at trial.

5

05/20/2025

## DISCOVERY TIER

Plaintiff hereby claims this is a Tier 3 action pursuant to Utah R. Civ. P. 26(c)(3).

## JURY DEMAND

Pursuant to Utah R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues presented herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. The full limits of Farmers underinsured coverage under the Policy;

B. For all general, special, consequential, economic and noneconomic damages in amounts to be proven at trial;

C. For damages for mental suffering in amounts to be proven at trial;

D. For damages for emotional distress in amounts to be proven at trial;

E. Pre-judgment and post-judgment interest as allowed by law;

F. Punitive damages in an amount to be determined at trial;

G. Reasonable attorneys' fees and all costs and expenses incurred in prosecuting this action; and

H. For such other and further relief as the court deems just and equitable under the circumstances.

DATED this 18th day of March, 2025.

KRAMER LAW GROUP

/s/ Jenny R. Hoppie
JENNY R. HOPPIE
*Attorneys for Plaintiff*

6